UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**ANDREY SHUKLIN, et al.,**

    **Defendants.**

Case No. 1:18-cr-109
JUDGE DOUGLAS R. COLE

## ORDER

This cause comes before the Court on the government's January 14, 2022, Motion to Amend the Court's Restitution Procedures for this Case and Continue the Restitution Determination (Doc. 223). For the reasons stated more fully below, the Court **GRANTS** the government's Motion (Doc. 223) and **ADOPTS** the government's proposed procedures for setting restitution in this matter.

## BACKGROUND

There are twelve defendants in this case. Five of those defendants have pled guilty and been sentenced; three have pled guilty and await sentencing; and one is currently scheduled for trial in October 2022. The remaining three defendants are fugitives and are believed to be overseas. (Mot., Doc. 223, #1400[1] n.1).

The Court sentenced the first Defendant in this matter, Roman Iakovlev, on September 4, 2020. (Sept. 4, 2020, Minute Entry). At that time, the Court ordered restitution in the amount of $2,467,807.39. (*Id.*). On November 25, 2020, however,

---

[1] Refers to PAGEID #.

the Court issued an Order governing the procedures regarding restitution moving forward. (Doc. 168). Under that Order, the Court stated that it would impose a preliminary restitution amount at each Defendant's sentencing based on the government's presentation of evidence. (*Id.* at #872). However, the Court would defer identification of victims and the precise amount owed to each until the conclusion of the case. (*Id.*). That plan would allow each Defendant to immediately begin paying restitution after their sentencing, and the funds paid toward restitution would be held until the conclusion of the case—at which time a final restitution award would be imposed in the specific amount of each victim's loss. (*Id.*).

When the Court sentenced the next two Defendants, Vladimir Pestereanu and Seth Nezat, the Court ordered them jointly and severally liable for restitution. (Pestereanu Sentencing Minutes, Doc. 197; Nezat Sentencing Minutes, Doc. 221). However, the Court deferred determination of the preliminary restitution amount for ninety days, until a more specific preliminary amount could be determined. (Pestereanu J., Doc. 198, #1123; Nezat J., Doc. 221, #1392).

Rather than set a preliminary amount now, however, the government asks that the Court revise its November 25, 2020, Order. (Mot., Doc. 223, #1398). Under the government's proposal, the Court would defer determining the amount of restitution owed by Pestereanu and Nezat until after the last Defendant in this matter is sentenced.[2] (*Id.* at #1405). Further, for the remaining Defendants to be sentenced,

---

[2] In its Motion, the government states that its "references to the 'last Defendant' refer to the last Defendant sentenced who is currently in federal custody; *i.e.*, the proposed procedure does not contemplate waiting to sentence Defendants who are currently fugitives." (Doc. 223, #1404 n.2).

2

the Court would order restitution at sentencing and defer determination of the restitution amount until after the last Defendant is sentenced. (*Id.*). Neither Nezat nor Pestereanu object to this request. (*Id.*).

## LAW AND ANALYSIS

The Mandatory Victim Restitution Act (the "MVRA") provides that, "when sentencing a defendant convicted of an [applicable] offense … the court shall order, in addition to … any other penalty authorized by law, that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). Restitution under the MVRA is mandatory and, thus, the Court is required to "order restitution to each victim in the full amount of each victim's losses as determined by the court," without regard for the defendant's ability to pay. 18 U.S.C. § 3664(f)(1)(A).

Under 18 U.S.C. § 3664(d)(5), "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing … the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." However, in *Dolan v. United States*, the Supreme Court held that "a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution—at least where … the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." 560 U.S. 605, 607 (2010); *see also United States v. Luke*, 2019 U.S. App. LEXIS 20568, at *8 (6th Cir. Jul. 10, 2019) ("Although 18 U.S.C. § 3664(d)(5) instructs that a district court should determine restitution within ninety days of sentencing, a district court

3

retains the power to award restitution after that point if it has previously indicated that it would order restitution.").

In this case, the Court previously ordered Nezat and Pestereanu to pay restitution and delayed setting only the amount. Because Nezat and Pestereanu were thus on notice that restitution would be ordered, the Court concludes that it is not required to set a finalized amount within ninety days of sentencing.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the government's Motion (Doc. 223) and **ADOPTS** the government's proposed procedures for setting restitution in this matter. Accordingly, the Court **REVISES** its November 25, 2020, Order regarding Restitution (Doc. 168). As to Nezat and Pestereanu, the Court will determine restitution when the last defendant in this matter is sentenced.[3] Similarly, with regard to the remaining defendants in this matter who have yet to be sentenced, the Court will order restitution at sentencing and defer determination of the restitution amount until after the last Defendant is sentenced.

**SO ORDERED.**

May 25, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[3] As in the government's Motion, this Order's references to the "last Defendant" refers to the sentencing of the last Defendant currently in federal custody.